**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HAMZA GIBSON,

    Plaintiff,                                            Case No:          - CZ
                                                        Hon:

v.

WAYNE COUNTY, WAYNE COUNTY DEPUTIES
ALAN OLIVER, MATTHEW CZARNECKI, DELANO
ADOLPHUS, and MARCUS HALL,

    Defendant Officers.

---

GEOFFREY N. FIEGER (P30441)
MARTIN T. SHEPHERD (P65331)
Fieger, Fieger, Kenney, Giroux & Danzig, P.C.
Attorney for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
m.shepherd@fiegerlaw.com

---

## **COMPLAINT AND JURY DEMAND**

    There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

    NOW COMES the Plaintiff, HAMZA GIBSON, by and through his attorneys, FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C., and for his Complaint against the above named Defendant Officers, states as follows:

1

## JURISDICTION

1. This is an action for money damages brought pursuant to 42 USC §§ 1983 and 1988, the 4th and 14th Amendments to the United States Constitution, and under the statutes and common law of the State of Michigan against Wayne County Sheriff Officers in their individual and official capacity, the Wayne County Sheriff's Department, and the County of Wayne. The amount in controversy in this case is well in excess of $75,000.00, the Court's jurisdictional minimum.

2. That this Court has jurisdiction of this cause under the provisions of Title 28 of the United States Code, sections 1331 and 1343 and pendant jurisdiction over state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims.

3. At all times relevant, Plaintiff, HAMZA GIBSON ("GIBSON"), was a resident of the City of Detroit, County of Wayne, State of Michigan.

4. That at all times relevant, Defendant WAYNE COUNTY was and is a municipal corporation, duly organized and carrying on governmental functions, including the formation, organization, and operation of the Wayne County Sheriff's Department, the County of Wayne, State of Michigan.

5. At all times relevant, Defendant ALAN OLIVER ("OLIVER") was a deputy officer employed by Defendant WAYNE COUNTY, acting under color of state law as a sheriff's deputy in the County of Wayne, State of Michigan.

6. At all times relevant, Defendant MATTHEW CZARNECKI ("CZARNECKI") was a deputy officer employed by Defendant WAYNE COUNTY, acting under color of state law as a sheriff's deputy in the County of Wayne, State of Michigan.

2

7. At all times relevant, Defendant DELANO ADOLPHUS ("ADOLPHUS") was a deputy officer employed by Defendant WAYNE COUNTY, acting under color of state law as a sheriff's deputy in the County of Wayne, State of Michigan.

8. At all times relevant, Defendant MARCUS HALL ("HALL") was a deputy officer employed by Defendant WAYNE COUNTY, acting under color of state law as a sheriff's deputy in the County of Wayne, State of Michigan

9. That at all times relevant hereto and in all of their actions described herein, Defendant Officers sheriff's deputies were acting under color of law and pursuant to their authority as Deputy Sheriffs and Sheriffs of Wayne County.

10. Upon information and belief, Defendant sheriff deputies are residents of WAYNE County.

## COMMON FACTUAL ALLEGATIONS

11. On or about February 6, 2010, Plaintiff, Hamza Gibson, was attacked and beaten severely by Defendant Officers OLIVER, CZARNECKI, ADOLPHUS and HALL (collectively referred to here as "Defendant Officers").

12. The incident occurred at Wayne County jail, in what has been described as "floor 8 SW small ward cell".

13. Prior to the assault, Plaintiff requested an additional mattress and razor from Defendant Officers.

14. Defendant Officers ignored Plaintiff's requests and exchanged insensitive words with Plaintiff.

15. Later that night, the ward was locked down at approximately 10:00 P.M. Thereafter, Defendant Officers entered Plaintiff's cell and physically attacked him.

16.     Prior to the attack, Defendant Officers were observed wrapping their hands in black tape and/or putting on black leather globes.

17.     Thereafter, Defendant Officers all entered into Plaintiff's cell at approximately 10:15 P.M.

18.     Immediately upon entering the cell, Plaintiff was struck in the face with a closed fist.

19.     The force from that punch staggered Plaintiff such that he stumbled backward into a table in his cell and held his face in his hand.

20.     Thereafter, all of the Defendant Officers punched, kicked, and beat Plaintiff violently and severely.

21.     Plaintiff wedged himself underneath the bottom bunk bed for protection from the attack.

22.     Even while he was under the bed, Defendant Officers continued to kick Plaintiff.

23.     Defendant Officers grabbed and twisted Plaintiff's hand and forearm and tried to pull from under the bunk bed.

24.     In the process of trying to remove Plaintiff from underneath the bunk bed, Defendant Officers tore and ripped Plaintiff's blue tank top and pulled off his pants and undershorts.

25.     When the attack was over, Defendant Officers threatened the Plaintiff that "if you come up to quarantine we're going to fuck you up. Stay your punk ass out of there. Now you're going to have to spend the night under there, bitch."

26.     Thereafter, the Defendant Officers spit on Plaintiff.

4

27. Plaintiff did not fight back or threaten Defendant Officers in any way during the incident described above.

28. That as a direct and proximate result of the incident described above, and the claims described below, Plaintiff has suffered damages, including, but not limited to:

    a. Reasonable medical and hospital expenses;

    b. Conscious pain and suffering;

    c. Blowout fracture of left orbital floor;

    c. Vision impairment;

    d. Injury to head, neck, back and face;

    e. Economic damages;

    f. Emotional pain and suffering;

    g. Any and all exemplary damages available under applicable law;

    i. any and all punitive damages allowed.

## COUNT I

**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC § 1983**
**DEFENDANT OFFICERS III AND THE COUNTY OF WAYNE**

29. Plaintiff realleges paragraphs 1-28 as if fully set forth herein.

30. Pursuant to 42 USC § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Defendant Officers owed HAMZA GIBSON a duty to act prudently and with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable and/or excessive force.

31. The Defendant Officers violated HAMZA GIBSON's right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and

5

Fourteenth Amendments to the United States Constitution and to be free from deliberate indifference to all of said rights by unjustifiably injuring him while in custody.

32. After employing unnecessary, unreasonable and excessive force, resulting in a violation of Plaintiff HAMZA GIBSON'S rights under 42 USC §1983, Defendant Officers who were agents and/or employees of Defendant, WAYNE COUNTY, failed to timely render and/or timely seek and/or timely obtain medical care or assistance for HAMZA GIBSON or secure transportation to a hospital, which conduct constitutes a deliberate indifference to a serious medical need and violated the 8th Amendment, which in turn caused the exacerbation of Plaintiff's injury.

33. As a direct and proximate result of the action of the Defendant Officers as described herein, the Plaintiff, HAMZA GIBSON, did suffer injury to his left eye, neck, back, head, face and left ear resulting in permanent damage, including but not limited to impaired vision, which will require constant medical care and will continue to suffer damages including, but not limited to, the following:

      a. Reasonable medical and hospital expenses;

      b. Blowout fracture of left orbital floor;

      c. Vision impairment;

      d. Injury to head, neck, back and face;

      e. Economic damages;

      f. Emotional pain and suffering;

      g. Any and all exemplary damages available under applicable law; and

      i. any and all punitive damages allowed.

WHEREFORE, Plaintiff respectfully that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant Officers in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under Michigan law.

### COUNT II
### VIOLATION OF CIVIL RIGHT PURSUANT TO 42 USC § 1983
### BY THE COUNTY OF WAYNE

34. Plaintiff reasserts and realleges paragraphs 1-33 as fully set forth herein.

35. At all times relevant to this Complaint, Defendant COUNTY OF WAYNE, through its sheriff's department, Sheriff, Commanding Sheriff, supervisors and other policy makers, pursued policies, practices, and customs that were a direct and proximate cause of the unconstitutional rights alleged herein and were the result of deliberate indifference.

36. The policies include but are not limited to:

   a. Failure to properly screen, supervise, discipline, transfer, train, counsel or otherwise control deputy officers, including Defendant Officers, who are known or should have been known to engage in improper use of excessive force;

   b. Employing a sheriff code of silence wherein other officers and supervisors cover up the use of force by fabricating accounts in official police reports, internal affairs investigations, all of which are designed to falsely exonerate officers from potential civil liability; and

   c. A failure to have and implement policies and procedure for handling persons such as HAMZA GIBSON.

37. As a direct and proximate result of the Defendant, COUNTY OF WAYNE's unconstitutional policies, practices, and customs and its excessive use of force and deliberate indifference as more fully described above, the Plaintiff suffered damages.

38. Defendant WAYNE COUNTY authorized, tolerated, ratified, permitted and/or acquiesced in the creation of policies, practices and/or customs that established a policy and/or

7

de facto policy of permitted use of excessive force and/or deliberate indifference to individuals such as Plaintiff.

39. As a direct and proximate result of the action of the Defendant Officers as herein described, the Plaintiff did suffer injury to his neck, back, head, face and left ear resulting in permanent damage, including but not limited to impaired vision, which will require constant medical care and will continue to suffer damages including, but not limited to, the following:

    a. Reasonable medical and hospital expenses;

    b. Blowout fracture of left orbital floor;

    c. Vision impairment;

    d. Injury to head, neck, back and face;

    e. Economic damages;

    f. Emotional pain and suffering;

    g. Any and all exemplary damages available under applicable law; and

    i. any and all punitive damages allowed.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant Officers in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under Michigan law.

## COUNT III
## ASSAULT AND BATTERY BY DEFENDANT OFFICERS

40. Plaintiff HAMZA GIBSON reasserts and realleges paragraphs 1-39 as fully set forth herein.

41. That the said physical beating by Defendant Officers was an unprivileged touching of Plaintiff HAMZA GIBSON's person and was assault and battery.

8

42. That the physical beating of Plaintiff HAMZA GIBSON by Defendant Officers, was unwarranted, cruel, inhumane, unjustifiable, and excessive.

43. That the above actions were perpetrated against Plaintiff HAMZA GIBSON against his will and without his consent.

44. As a direct and proximate result of the action of the Defendant Officers as herein described, the Plaintiff did suffer injury to his head, back, neck, face and left ear resulting in permanent damage, including but not limited to impaired vision, which will require constant medical care and will continue to suffer damages including, but not limited to, the following:

   a. Reasonable medical and hospital expenses;

   b. Blowout fracture of left orbital floor;

   c. Vision impairment;

   d. Injury to head, neck, back and face;

   e. Economic damages;

   f. Emotional pain and suffering;

   g. Any and all exemplary damages available under applicable law; and

   i. any and all punitive damages allowed.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant Officers in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under Michigan law.

Dated:  June 20, 2012 	Respectfully submitted,


	By: /s/ Martin T. Shepherd_____
	GEOFFREY N. FIEGER (P30441)
	MARTIN T. SHEPHERD (P65331)
	Fieger, Fieger, Kenney, Giroux & Danzig, PC
	19390 West Ten Mile Road
	Southfield, MI 48075
	(248) 355-5555

### **DEMAND FOR TRIAL BY JURY**

NOW COMES the Plaintiff, HAMZA GIBSON, by and through his attorneys, FIEGER, FIEGER, KENNEY, GIROUX, and DANZIG, P.C., who hereby demands a trial by jury in the above entitled case.

Dated:  June 20, 2012 	Respectfully submitted,


	By: /s/ Martin T. Shepherd_____
	GEOFFREY N. FIEGER (P30441)
	MARTIN T. SHEPHERD (P65331)
	Fieger, Fieger, Kenney, Giroux & Danzig, PC
	19390 West Ten Mile Road
	Southfield, MI 48075
	(248) 355-5555