## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**HAMZA GIBSON**,

                Plaintiff,

                                        No. 2:12-cv-12693

vs.                                   Hon. Gerald E. Rosen

**WAYNE COUNTY,** and **WAYNE COUNTY
DEPUTIES ALAN OLIVER, MATTHEW
CZARNECKI, DELANO ADOLPHUS,**
and **MARCUS HALL**,

                Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT WAYNE COUNTY'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION OF ISSUANCE OF WRITS OF HABEAS CORPUS AD TESTIFICANDUM

### I.     INTRODUCTION

This case is unfortunate and sad on many levels. As alleged, it involves the senseless beating of an inmate at the Wayne County Jail by four Sheriff's Deputies. Wayne County fired the Deputies and assisted in their respective criminal prosecutions. Plaintiff commenced this instant litigation seeking to hold Wayne County and the four Deputies liable under 42 U.S.C. § 1983 and state common law. Regrettably, Plaintiff's counsel did not aggressively pursue these claims. After the close of discovery and pursuant to this Court's Scheduling Order,

1

Wayne County moved for summary judgment. Plaintiff responded only by generically asserting that several depositions material to his case were "outstanding." One month later, Plaintiff then moved for a writ of habeas corpus to take the deposition of one of the now-incarcerated Deputies. Having reviewed and considered the parties' respective motions, briefs and supporting documents and the entire record of this matter, the Court has determined that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of these motions. Accordingly, the Court will decide these pending motions "on the briefs." See L.R. 7.1(f)(2). This Opinion and Order sets forth the Court's ruling.

## II.    PERTINENT FACTS

### A.    The Assault and Wayne County's Response

On February 6, 2010, the individual Defendants -- four Wayne County Sheriff's Deputies (Deputies) -- assaulted Plaintiff while he was incarcerated at the Wayne County Jail. (Plf's Am. Compl., Dkt. # 5, at ¶ 11). According to Plaintiff's Complaint, the Deputies wrapped their hands in black tape and/or put on black leather gloves, entered his cell, and "punched, kicked and beat Plaintiff violently and severely." (*Id.* at ¶¶ 16-17, 20). He was also struck in the face with a closed fist. (*Id.* at ¶ 18). Plaintiff sought protection under the bottom bunk bed to no avail. (*Id.* at ¶¶ 21-24). Afterwards, the Deputies "threatened the Plaintiff" by

stating that "if you come up to quarantine we're going to fuck you up.  Stay your punk ass out of there.  Now you're going to have to spend the night under there, bitch."  (*Id.* at ¶ 25).  The Deputies then spit on Plaintiff.  (*Id.* at ¶ 26).  Needless to say, Plaintiff suffered injuries, including a "blowout fracture" of his left orbital and impaired vision.  (*Id.* at ¶¶ 28, 33, 39, 44).

Plaintiff reported this assault later that evening.  (Ex. A to Def's Mtn., Dkt. # 32-2, at ¶ 6; *see also* Ex. E to Def's Mtn., Dkt. # 34, at 3; Ex. A to Plf's Mtn., Dkt. # 37, at 8).  Within an hour, Wayne County Sergeant Sabbagh both interviewed Plaintiff and escorted him to the jail's medical facility to receive treatment from a nurse.  (Ex. E to Def's Mtn., Dkt. # 34, at 3; Ex. A to Plf's Mtn., Dkt. # 37, at 8).  Plaintiff was then transported to Detroit Receiving Hospital shortly thereafter.  (*Id.*).[1]

---

[1] The Court acknowledges that its reliance on Wayne County's Internal Affairs File (Ex. E to Def's Mtn., Dkt. # 34) and Sgt. Sabbagh's written statement (Ex. A to Plf's Mtn., Dkt. # 37, at 8) could be viewed as problematic as these documents are hearsay and may not be considered in resolving a summary judgment motion, *see Alexander v. CareSource,* 576 F.3d 551, 558 (6th Cir. 2009), absent some applicable hearsay exception.  Wayne County could have alleviated these hearsay concerns by submitting affidavits from the officers who helped prepare these documents, but it did not do so.  Nonetheless, the Court finds that it may permissibly rely upon these documents in light of Plaintiff's failure to raise any evidentiary objections to the Court's consideration of these materials.  *Wiley v. United States,* 20 F.3d 222, 226 (6th Cir. 1994) ("If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to be waived.").  Not only did Plaintiff fail to object, he also relied on one of these documents -- Sgt. Sabbagh's

After securing Plaintiff, Wayne County quickly determined that the four Deputies were involved in the assault by observing their physical appearances (cuts, bruises, swelling, etc.), reviewing phone recordings of other inmate's conversations concerning the assault, interviewing other inmates, and conducting photo line-ups.  (Ex. A to Def's Mtn., Dkt. # 32-2, at ¶¶ 9-15).  Wayne County separated all of the Deputies from service.   (Ex. B to Def's Mtn., Dkt. # 32-3, at ¶ 11).  The Wayne County Prosecutor's Office brought charges against the Deputies, including assault with the intent to do great bodily harm less than murder, misconduct in office, and aggravated assault.  (Ex. A to Def's Mtn., Dkt. # 32-2, at ¶ 16; Ex. E to Def's Mtn., Dkt. # 34, at 6-7).   Several of Wayne County's employees even testified on behalf of the prosecution.  (Ex. B to Def's Mtn., Dkt. # 32-3, at ¶ 9).  Finally, Wayne County does not represent, nor will it indemnify, any of the Deputies in this action.  (Ex. F to Def's Mtn., Dkt. # 32-7).

**B.**  **Plaintiff's Claims against Wayne County**

---

statement -- in support of his motion to depose Deputy Czarnecki.  Accordingly, Plaintiff is in no position to complain about the Court's consideration of these documents, where he himself has relied on one of these documents in his submissions to the Court, and where he had ample opportunity during the discovery period to depose the authors of these documents and challenge the veracity of their accounts.  *See also Brady v. City of Westland*, --- F. Supp. 2d ---, 2014 WL 632585, at *2 n.3 (E.D. Mich. 2014) (Rosen, C.J.).

Plaintiff asserts two 42 U.S.C. § 1983 claims against Wayne County.[2]  First, Plaintiff claims that it "failed to timely render and/or timely seek and/or timely obtain medical care or assistance for [him] or secure transportation to a hospital." (Plf's Am. Compl., Dkt. # 5, at ¶ 32).   This conduct, according to Plaintiff, "constitute[d] a deliberate indifference to a serious medical need which, in turn, caused the exacerbation of Plaintiff's injur[ies]" in violation of Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.   (*Id.* at ¶¶ 30, 32). Second, Plaintiff claims that Wayne County is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for its "policies, practices, and customs that were a direct and proximate cause of the unconstitutional [injuries] alleged herein."   (*Id.* at ¶ 35).   More specifically, Plaintiff alleges three specific constitutional failures:

a.   Failure to properly screen, supervise, discipline, transfer, train, counsel or otherwise control deputy officers, including Defendant Officers, who are known or should have been known to engage in improper use of excessive force;

b.   Employing a sheriff['s] code of silence wherein other officers and supervisors cover up the use of force by fabricating accounts in official police reports, internal affairs investigations, all of which are designed to falsely exonerate officers from potential civil liability; and

c.   A failure to have and implement policies and procedure for handling persons such as [Plaintiff].

---

[2] Plaintiff also brings § 1983 claims against the Deputies, as well as common law assault.

(*Id.* at ¶ 36).

## III.   DISCUSSION

### A.   Applicable Standard

After the close of discovery, Wayne County filed its instant Motion.  It seeks dismissal pursuant to either Rule 12(b)(6) or Rule 56.  In support, Wayne County attached a variety of documents that are outside Plaintiff's Complaint: Three affidavits, documents relative to its "Use of Force" Policy and its internal investigation; and correspondence regarding its non-representation of the Deputies. Accordingly, the Court will evaluate Wayne County's Motion under Rule 56.  Fed. R. Civ. P. 12(d); *Himes v. United States,* 645 F.3d 771, 776 (6th Cir. 2011).

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  As the Supreme Court has explained, "the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  In addition, where a moving party -- here, Wayne County -- seeks an award of summary judgment in its favor on a claim or issue as to which it bears the burden of proof at trial, this

6

party's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis omitted).

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.,* 434 F.3d 810, 813 (6th Cir. 2006). Yet, the nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). But, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack,* 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

## B.  Plaintiff's Sole Argument against Summary Judgment

In response to Wayne County's Motion, Plaintiff argues that this Court should "decline to consider defendant Wayne County's motion for summary judgment until after discovery is completed." (Plf's Resp., Dkt. # 35, at 3). According to Plaintiff, "a number of critical depositions are outstanding," which he "anticipates . . . will provide factual support for his claims against Wayne County." (*Id.*). "These depositions were previously scheduled to be taken before [his] Response was due, but the depositions have been postponed." (*Id.* at 5). He did

not provide any more details as to what depositions are outstanding, whether Plaintiff diligently pursued his discovery obligations, or what specific information might be gained in order to present facts essential to justify his opposition to Wayne County's Motion.

Unfortunately for Plaintiff, his counsel's non-descript and conclusory position on the appropriateness of summary judgment at this juncture is not well taken. First, discovery *closed* in this matter on January 10, 2014. (Scheduling Order, Dkt. # 28). Plaintiff did not file any request with this Court to extend this deadline. Second, Plaintiff's position falls well short of the procedures set forth in Federal Rule of Civil Procedure 56(d) for when facts are unavailable to a nonmovement, which provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). In order to comply with this rule, the nonmovement must present a request that is "not too vague and identifies information . . . [that is] 'essential to justify its opposition' to summary judgment." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 421 (6th Cir. 2008) (citation omitted). Failing to "compl[y] with the strictures of Federal Rule of Civil Procedure 56(d)" waives any "argument that the grant of summary judgment was too hasty or precluded necessary discovery."

*Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995). Here, Plaintiff has neither requested this relief nor made any showing that he might be eligible for such relief.[3]   Accordingly, the Court will not delay ruling on Wayne County's Motion. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 305 (6th Cir. 2003) ("Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56[d] by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate.") (citation omitted).

## C.   Wayne County Is Entitled to Summary Judgment

Plaintiff asserts that Wayne County is subject to liability for both failing to provide him with timely medical care after the assault and for the Deputies' alleged constitutional violations under *Monell*.  Through its present motion, Wayne County argues that Plaintiff has failed as a matter of law to produce evidence that would support the imposition of liability under § 1983.  The Court agrees.

---

[3] On March 21, 2014, this Court entered its *third* Show Cause Order for failing to prosecute this matter with respect to the Deputies as all four have not appeared despite service, and Plaintiff has not requested entry of default.  In Response, Plaintiff attached various documents reflecting his effort to depose them since January 2, 2014.  (Ex. 1 to Plf's Resp., Dkt. # 39-1, at 2-9).  He has since deposed Defendant Adolphus, who declined to answer all questions on Fifth Amendment grounds.  (*Id.* at 72-78).  Even if Plaintiff attached these materials in response to Wayne County's Motion, they still do not satisfy Rule 56(d)'s requirements that are set forth above.

**1.    Wayne County was not deliberately indifferent to Plaintiff's medical needs**

In order to establish that Wayne County is liable for failing to provide him with timely medical care, he must establish that it acted with "deliberate indifference to serious medical needs." *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001) (citation omitted). The "deliberate indifference" inquiry has both objective and subjective components. First, in cases involving an inmate's medical needs, the need "must be, objectively, sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotations and citation omitted). Second, the Sixth Circuit has explained that "[d]eliberate indifference is not mere negligence . . . [and] requires that the defendants knew of and disregarded a substantial risk of serious harm to [the inmate's] health and safety." *Watkins*, 273 at 686. This subjective component provides that "[i]t is not enough that there was a danger of which an officer should objectively have been aware. '[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (citation omitted and second alteration in original).

Construing the facts most favorable to Plaintiff, the record is devoid of *any* evidence to establish that Wayne County acted with deliberate indifference to serious medical needs. The record shows that in less than one hour after reporting the assault, Plaintiff was both seen by a nurse at the jail and then transported to

10

Detroit Receiving Hospital for further treatment.  Plaintiff cannot just stand on his allegations in the Complaint that Wayne County "failed to timely render and/or timely seek and/or timely obtain medical care or assistance for [him] or secure transportation to a hospital."  *Warf v. U.S. Dep't of Veterans Affairs*, 713 F.3d 874, 878 (6th Cir. 2013) ("To defeat a motion for summary judgment a plaintiff 'can no longer rely on the conclusory allegations of its complaint.'") (citation omitted). Rather, because he "has had a full opportunity to conduct discovery," he must "present affirmative evidence" supporting his allegations.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986); *Expert Masonry, Inc. v. Boone Cnty.*, 440 F.3d 336, 341 (6th Cir. 2006) (the nonmoving party "must present significant probative evidence in support of its complaint to defeat a motion for summary judgment").  Plaintiff has failed to do so and Wayne County is entitled to summary judgment with respect to Count I.

2.    **Wayne County cannot be liable for the injuries inflicted by the Deputies**

It is well-established that a municipality, such as Wayne County, "cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby Cnty.,* 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694).  "For liability to attach, there must be execution of a government's policy or custom which results in a constitutional tort."  *Id.*  Moreover, Plaintiff must establish that "through its deliberate conduct, the municipality was the

11

'moving force' behind" the violation of his constitutional rights -- that is, he "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* at 442 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 405 (1997)). Where, as here, a plaintiff asserts municipal liability for a single act of misconduct, he must set forth "proof that [the single incident] was caused by an existing, unconstitutional municipal policy . . . [that] can be attributed to a municipal policymaker." *Oklahoma v. Tuttle,* 471 U.S. 808, 824 (1985). If the policy itself is not unconstitutional, "considerably more proof than the single incident would be necessary . . . to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *Id.*

Therefore, in this matter, Plaintiff must establish that Wayne County's policies and customs were the moving force of the alleged constitutional violations. Though his Complaint alleges three nebulous categories of alleged failures, he simply cannot rely on the allegations in his Complaint in the face of Wayne County's Motion for Summary Judgment. *Anderson*, 477 U.S. at 257; *Warf*, 713 F.3d at 878; *Expert Masonry*, 440 F.3d at 341. Discovery is now closed and Plaintiff has not identified any specific policy, practice or custom *or* come forward with any *proof* of any such policy, practice or custom. Indeed, Plaintiff's

12

only mention of a policy, practice, or custom in response to Wayne County's Motion is a generic citation to *Monell* case law where he admits that it is his burden to show "a direct causal link between the policy and the alleged constitutional violation in order to show that the municipality's deliberate conduct can be deemed the moving force behind the violation." (Plf's Resp., Dkt. # 35, at 5) (quoting *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009)). There is no evidence in the record which support's Plaintiff's Complaint allegations as to Wayne County.

And, even if this Court were to give any weight to the allegations in Plaintiff's Complaint, they fail as a matter of law because Plaintiff has not established that there were any prior instances of similar misconduct so as to put Wayne County on notice of deficient policies or procedures. *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff's failure to train and supervise theory (Plf's Am. Compl., Dkt. # 5, at ¶ 36(a)) requires a showing of "'prior instances of unconstitutional conduct demonstrating that [Wayne County] ha[d] ignored a history of [improper use of excessive force] and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010) (citations omitted). Plaintiff has made no such showing. Similarly, Plaintiff's "custom-of-tolerance" claim -- that Wayne County tolerated a code of silence that was

"designed to falsely exonerate officers from potential civil liability" (Plf's Am. Compl., Dkt. # 5, at ¶ 36(b)) -- also requires a showing that there was a pattern of inadequately investigating similar claims. *Thomas v. City of Chattanooga,* 398 F.3d 426, 433-34 (6th Cir. 2005). Plaintiff has made no such showing, and Wayne County's decision to both not represent the Deputies and to actively participate in their respective criminal prosecutions belies Plaintiff's allegation to the contrary. Finally, Plaintiff's general claim that Wayne County failed "to have and implement policies and procedures for handling persons such as [Plaintiff]" (Plf's Am. Compl., Dkt. # 5, at ¶ 36(c)) is so devoid of facts for this Court to determine that *Monell* liability *could potentially* apply.

For these reasons, Wayne County is entitled to summary judgment on Count II.

**D.   Plaintiff has not established good cause to depose Defendant Czarnecki**

On July 16, 2013, this Court entered a Scheduling Order setting forth various case deadlines and practice procedures before this Court. (Dkt. #28). That Order specifically provided that "[a]ll discovery should be initiated in advance of the discovery cut-off date" -- January 10, 2014. (*Id.*). The Order also set a dispositive motion deadline of February 10, 2014. (*Id.*). With both of those deadlines having come and gone, and with Defendant Wayne County having moved for summary judgment, Plaintiff moved on March 14, 2014 for an order to

14

permit Defendant Czarnecki, a state prisoner, to testify at a video deposition on April 22, 2014. (Plf's Mtn., Dkt. # 37). This Court denies Plaintiff's Motion, finding it an affront to this Court's Scheduling Order and the discovery principles set forth in the Federal Rules of Civil Procedure. It is, in essence, a motion to extend discovery filed *after* both discovery and dispositive motion cut-off.

The Federal Rules of Civil Procedure are quite clear with respect to a request to modify a scheduling order -- a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court asked to modify a scheduling order for good cause may do so only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Marcilis v. Twp. of Redford*, 693 F. 3d 589, 597 (6th Cir. 2012) (internal quotations and alterations omitted). The Sixth Circuit has noted that "whether the moving party was diligent in pursuing discovery" is the "overarching inquiry" in modifying a scheduling order. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). Another "important consideration for a district court deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Marcilis*, 693 F.3d at 597 (citation omitted); *see also Hartford Fire Ins. Co. v. ABC Paving Co.*, 2013 WL 3213096, at *5 (E.D. Mich. June 26, 2013) (Rosen, C.J.) ("[Plaintiff]'s failure to follow the Scheduling Order 'has resulted in the type of circumstance the discovery rules seek

15

to avoid: new evidence introduced after an opposing party has filed a motion for summary judgment.'") (citation omitted).

Plaintiff has presented no cause, let alone good cause, to extend discovery. Instead, Plaintiff just generalizes that "Czarnecki has relevant and material evidence for the majority of issues in this lawsuit" and that "[h]is appearance is critical to Plaintiff's right to a fair trial." (Plf's Mtn., Dkt. # 37, at 3-4). He also asserts that granting his Motion "will allow the video deposition to be edited and designated for use at trial . . . [and] will allow the discovery (sic) to proceed more orderly as he will be able to testify via a video tape presentation." (*Id.* at 6).

All of this may be true, but Plaintiff could have moved to take Czarnecki's deposition months ago.[4] The Court recognizes that Plaintiff apparently began the deposition scheduling process before discovery cut-off, albeit 8 days prior. Nothing, however, prevented Plaintiff from requesting relief from this Court's Scheduling Order *before* the close of discovery. Plaintiff has known from the beginning that the pending criminal prosecutions would likely complicate this

---

[4] To the extent Plaintiff asserts that "Defendant Wayne County . . . recently . . . stat[ed] that they are not representing any of the named Officers in question," (Plf's Mtn., Dkt. # 37, at 4), this fact still would not have affected Plaintiff's ability to file this Motion within the appropriate discovery timeframe. The Court additionally finds Plaintiff's claim that he "recently" learned of this fact to be disingenuous as Wayne County submitted a letter that it faxed to Plaintiff's counsel in July 2013 -- months before discovery cut-off -- indicating that it would "not represent nor indemnify any of the individually named Defendants." (Ex. F. to Def's Mtn., Dkt. # 32-7).

matter and should have planned in advance.  In addition to not timely raising scheduling issues, Plaintiff has not offered any argument that Czarnecki's deposition would produce material facts sufficient to defeat Wayne County's Motion -- a deposition that would likely be fraught with Fifth Amendment implications.  (Ex. 1 to Plf's Resp., Dkt. # 39-1, at 77-78) (Deposition testimony of Defendant Adolphus, who invoked the Fifth Amendment regardless of question).

Therefore, this Court denies Plaintiff's motion in accordance with the above cited authority.  *See also Bentkowski v. Scene Magazine*, 637 F.3d 689, 696-97 (6th Cir. 2011) (no good cause shown when plaintiff "made no effort to conduct discovery . . . and offered no explanation for his lack of diligence").  To hold otherwise would condone counsel's lackadaisical approach to this litigation[5] -- an approach which this Court recently criticized in another matter also handled by the Fieger law firm (albeit different attorneys).  *See Blair v. Harris*, --- F. Supp. 2d ---, 2014 WL 292148, at *1 (E.D. Mich. 2014) (Rosen, C.J.) (discussing a "tragic case [that] present[ed] a model of how not to litigate a Section 1983 damages claim").  Here, as in *Blair*, Plaintiff's counsel apparently conducted no depositions during discovery, and now seeks to do so after the fact.  In earlier proceedings in *Blair*,

---

[5] As the Court notes in footnote 3, Plaintiff's counsel has also not applied for a clerk's entry of default as to the Deputies despite multiple Show Cause Orders. Accordingly, because the time for the Deputies has come and gone to appear after service and because Plaintiff has not requested entry of default, the Court dismisses Plaintiff's claims against the Deputies without prejudice.

this Court rejected the plaintiff's argument that "the only way she can prove her

case and establish factual disputes sufficient to withstand summary judgment

would be to depose [the individual defendant]:"

> Plaintiff took no action within the extended discovery period to
> subpoena [the individual defendant] to compel him to appear for his
> deposition.  Having failed to timely seek the discovery she claims to
> need to prove her *Monell* claim against the County, she cannot now at
> this postdiscovery, post-dispositive motion cut-off time claim lack of
> discovery to oppose Defendant's motion for summary judgment.

2010 WL 3805588, at *7 (E.D. Mich. Sept. 23, 2010) (Rosen, C.J.).  As discussed

above, the same is true here.

### IV.   CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Wayne County's Motion for

Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 56(c) [Dkt. # 32] is

GRANTED**.**

IT IS FURTHER ORDERED that Plaintiff's claims against Wayne County

are dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's claims against the Deputies are

dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion of Issuance of Writs of

Habeas Corpus Ad Testificandum [Dkt. # 37] is DENIED.

**IT IS SO ORDERED.**


Dated:  April 10, 2014                    s/Gerald E.  Rosen
                                          GERALD E. ROSEN
                                          CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys
of record on this date, April 10, 2014, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager, 313-234-5135